# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1199V
**Filed: February 25, 2016**
**(Not to be published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| MARK THOMANN, | \* | Special Master Gowen |
| | \* | |
| Petitioner, | \* | Dismissal; Section 16(a)(2); Statute |
| v. | \* | of Limitations |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Mark Thomann, Chicago, IL, pro se.
Ann D. Martin, United States Department of Justice, Washington, DC for respondent.

### DECISION DISMISSING PETITION[1]

On October 14, 2015, Mark Thomann ("petitioner") filed a petition pro se for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] [the "Vaccine Act" or "Program"]. The petition alleged that he received an influenza vaccine on September 18, 2012, and was diagnosed with Guillain Barré Syndrome ("GBS") on October 14, 2012. Petition at 1. Medical records filed with the petition suggest that petitioner presented to the emergency department ("ED") on or about October 10, 2012, reporting "a week

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

of feeling progressively unbalanced, unsteady gait, having numbness/tingling in his feet and numbness in his hands." Resp. Motion at 1-2 (citing Petition, Attached Documentation at 5[3]).

An initial telephonic status conference was held on December 1, 2015 to discuss petitioner's claim. During the status conference, the undersigned and the parties discussed the potential statute of limitations issue in this case. Respondent filed a motion to dismiss on January 29, 2016, pursuant to the Vaccine Act's statute of limitations. Petitioner did not file a response. This matter is now ripe for a decision.

**I.     Legal Standard**

Pursuant to 42 U.S.C. § 300aa-16(a)(2), the Vaccine Act provides that "no petition may be filed for compensation . . . after the expiration of thirty-six months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury." The Federal Circuit has held that there is no explicit or implied discovery rule under the Vaccine Act. Cloer v. Sec'y of Health & Human Servs., 654 F.3d 1322, 1338-40 (Fed. Cir. 2011). The date of the occurrence of the first symptom or manifestation of onset "does not depend on when a petitioner knew or reasonably should have known anything adverse about [his] condition." Id. at 1339. A vaccine claim is based on "the occurrence of an event recognizable as a sign of a vaccine injury by the medical profession at large, not the diagnosis that actually confirms [a vaccine] injury in a specific case." Goetz v. Sec'y of Health & Human Servs., 45 Fed. Cl 340, 342 (Fed. Cl. 1999), aff'd, 4 Fed. Appx. 827 (Fed. Cir. 2001).

**II.    Analysis**

The petition in this case was filed on October 14, 2015. Accordingly, petitioner would be in compliance with the statute of limitations only if the onset of petitioner's GBS occurred on or after October 14, 2012. Respondent contends that the history provided in the October 18, 2012, discharge summary supports a finding that onset of petitioner's GBS symptoms occurred about one week prior to the October 10, 2012, ED visit. Resp. Motion at 2 (referencing Petition, Attached Documentation at 5). An October 18, 2012, discharge summary suggests that petitioner presented to the emergency department ("ED") on or about October 10, 2012, reporting "a week of feeling progressively unbalanced, unsteady gait, having numbness/tingling in his feet and numbness in his hands." Id. at 1-2 (citing Petition, Attached Documentation at 5). In addition, respondent notes that records of email correspondence between petitioner and one of his physicians, Leo I. Gordon, M.D., dated October 8, 2012, states: "Over the last few days, my legs have becomes increasingly weak to a point where I cannot run and walk with discomfort." Id. (citing Petition, Attached Documentation at 31). These symptoms are consistent with early GBS, and in light of the ultimate diagnosis of GBS, are highly likely to have been the initial manifestation of the disorder.

The evidence filed to date establishes that symptoms of petitioner's GBS began prior to October 14, 2012. The petitioner has not filed anything to dispute this conclusion. Accordingly,

---

[3] Medical records were filed as part of the same PDF document as the petition, and are not individually paginated. Therefore, records are cited by the CM/ECF generated page number.

this case is **DISMISSED** on the grounds that the claim is barred under section 300aa-16(a)(2) of the Vaccine Act.  The Clerk of the Court shall enter judgement accordingly.

    **IT IS SO ORDERED.**

                                        **s/Thomas L. Gowen**
                                        Thomas L. Gowen
                                        Special Master